# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**JOSE ALFREDO GONZALEZ-GONZALEZ**,

Defendant.

Case No. 3:21-cr-51-SI

**ORDER**

**Michael H. Simon, District Judge.**

On May 18, 2022, Defendant Jose Alfredo Gonzalez-Gonzalez pleaded guilty to one count of possession with intent to distribute 100 grams or more of heroin. On August 1, 2022, the Court found Mr. Gonzalez to be a career offender and sentenced him to a term of 110 months imprisonment, to be served concurrently with the sentence imposed in an Oregon state court case, followed by four years of supervised release.

After serving approximately eight months (plus approximately 17 months in pretrial detention, for which he will receive credit) of his 110-month sentence, Mr. Gonzalez, representing himself, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF 50. In his motion, Mr. Gonzalez states that he has exhausted his administrative remedies. *Id*. The Government does not dispute that Mr. Gonzalez has exhausted his administrative remedies but opposes his motion on the merits. ECF 53. Mr. Gonzalez currently is serving his sentence at the Federal Correctional Institution in Lompoc, California (FCI Lompoc). The Bureau of Prisons (BOP) has scheduled Mr. Gonzalez for release on September 25, 2028.

PAGE 1 – ORDER

In his motion, Mr. Gonzalez, who is 47 years old, argues that compassionate release is warranted based on extraordinary and compelling reasons. Specifically, he states that he suffers from heart disease, diabetes, obesity, and other serious medical conditions. ECF 50. He is not a citizen of the United States. As noted, the Government opposes Mr. Gonzalez's motion on the merits. ECF 53. The Court finds that a reduction in Mr. Gonzalez's sentence of imprisonment would undermine the sentencing factors identified by Congress in 28 U.S.C. § 3553(a). The Court, therefore, denies his motion for compassionate release.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the BOP, acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

PAGE 2 – ORDER

>> (i) Extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statements identify categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statements only apply to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. *See Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, however, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. (citation omitted). As a result, a district court may consider any extraordinary and compelling reason for release that a defendant raises. *Id*.

Mr. Gonzalez's early release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by the Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to future criminal conduct.

Because compassionate release is not warranted in this case, the Court DENIES Mr. Gonzalez's motion for early release. ECF 50.

**IT IS SO ORDERED.**

DATED this 26th day of July, 2023.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER